IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

EDDIE BAKER, JR.,

                 Plaintiff,                 OPINION & ORDER

   v.

                                                              14-cv-725-wmc

COLGATE-PALMOLIVE CO.,

                 Defendant.
───────────────────────────────────────────────

     Plaintiff Eddie Baker Jr., brought his lawsuit alleging that a toothbrush he purchased from the commissary at Oxford Federal Correctional Institution was defective, causing him physical pain and mental suffering. Baker has been granted leave to proceed *in forma pauperis* and has made his initial partial payment of $12.96. Ordinarily, the court would next be required to screen his complaint under 28 U.S.C. § 1915(e)(2). Because it appears that this court lacks subject matter jurisdiction over Baker's lawsuit altogether, however, the court must dismiss this case.

ALLEGATIONS OF FACT

     Eddie Baker Jr. is a federal prisoner incarcerated at Oxford Federal Correctional Institution. On April 13, 2014, he purchased a toothbrush from the prison commissary. The toothbrush was made, sold and distributed by defendant Colgate-Palmolive Company.

     After Baker used the toothbrush for a few days, he alleges that he developed a "raspy feeling" on the inside of his jaw. Eventually, the design of "exceptionally sharp lines" on the back of the toothbrush scraped against his skin enough to cause bleeding. Baker alleges that

the injury caused him shock and mental distress, as well as physical pain. He seeks compensatory and punitive damages from Colgate-Palmolive Company.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). A federal case *must* be dismissed for want of jurisdiction unless a complaint (1) raises a federal question or (2) alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Moreover, this court has an independent obligation to insure that it has subject matter jurisdiction before proceeding with any lawsuit. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Baker invokes 28 U.S.C. § 1491 as a basis for jurisdiction, but that section is of no aid to this court's exercise of jurisdiction, since it is only implicated in circumstances involving a federal agency's solicitation for bids or proposals for a proposed contract.[1] Nor does Baker's complaint raise a federal question under 28 U.S.C. § 1331.

On the contrary, his is essentially a products liability claim sounding in state law and Baker has not pled sufficient facts for this court to determine whether it has diversity

---

[1] Section 1491 grants jurisdiction to the Court of Federal Claims "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). That section also grants jurisdiction to both the Court of Federal Claims and the district courts "to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." *Id.* at 28 U.S.C. § 1491(b)(1).

jurisdiction under 28 U.S.C. § 1332. First, Baker does not plead his own or defendant Colgate-Palmolive's citizenship. For Baker, his citizenship is determined not by where *he* is forced to serve his sentence, but rather "the state of which he was a **citizen** before he was sent to prison unless he plans to live elsewhere when he get out, in which event it should be that state." *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) (quoting *Singletary v. Continental Illinois National Bank & Trust Co.,* 9 F.3d 1236, 1238 (7th Cir. 1993) (emphasis in original). In contrast, Colgate-Palmolive's citizenship is determined by its state of incorporation, as well as its principal place of business, 28 U.S.C. § 1332(c)(1). Second, Baker fails to allege facts sufficient for the court to ascertain that the amount in controversy exceeds the $75,000 threshold. Whether Baker could do so plausibly, much less in good faith, is doubtful, given the minimal nature of the injuries he alleges. However, "[i]f uncontested, this court will accept a petitioner's good faith allegation of the amount in controversy unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Amin v. Cellco P'ship*, No. 08-cv-717-bbc, 2008 WL 5377918, at *2 (W.D. Wis. Dec. 24, 2008) (citing *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995)). Here, Baker would need to provide substantially more detail regarding his injuries, or perhaps the obvious dangerousness of the product, before overcoming even this admittedly low threshold.

With no basis to exercise subject matter jurisdiction over Baker's complaint, this court has no power to consider its merits. *See Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 702 (7th Cir. 2003) ("If we do not have subject matter jurisdiction, then we are not allowed to reach the merits."). Accordingly, his case must be dismissed.

ORDER

IT IS ORDERED that plaintiff Eddie Baker Jr.'s case is DISMISSED for lack of subject matter jurisdiction.

Entered this 25th day of June, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge